UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLIE EPPS AND BRENDA EPPS, | **Case No.: 1:21-cv-03416-LTS** |
| Plaintiff, | |
| -against- | **COMPLAINT FOR DAMAGES** |
| UNITED STATES OF AMERICA and SHUJIN XIA, M.D., | |
| Defendants. | |

Plaintiffs Charlie Epps and Brenda Epps (hereafter referred to as "Plaintiffs") by their attorneys Rheingold Giuffra Ruffo & Plotkin, LLP respectfully alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1.      Jurisdiction for this action in the United States District Court arises under 28 U.S.C § 1346(b) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C § 2675(a), which provides that a tort claim which is administratively denied or not given administrative disposition within 6 months of the filing of the claim may be presented to a Federal District Court for judicial consideration. Venue is based upon 28 U.S.C. 1402(b) in that the acts or omissions complained of occurred within this judicial district.

2.      Jurisdiction over Defendant Shujin Xia, M.D. for this action in the United States District Court arises under the Supplemental Jurisdiction provisions of 28 U.S.C. 1367 in that the claims against Defendant Shujin Xia, M.D. are so related to the claims in this action against the Defendant United States of America over which this court has original jurisdiction that they form part of the same case or controversy.

FIRST CAUSE OF ACTION

FOR MEDICAL MALRACTICE

3.      Prior to the commencement of this action, and within 2 years of its accrual, Plaintiffs presented an Administrative Tort Claim for Damage, Injury or Death (Standard Form 95) to Defendant UNITED STATES OF AMERICA, Department of Veterans Affairs, Office of Chief Counsel, 251 North Main Street, Winston-Salem NC 27155. Annexed hereto as **Exhibit A** is a copy of said Amended Administrative Tort Claim forms, the claim was acknowledged and assigned Claim No. GLC 480179.

4.      Plaintiffs claim was denied by the Veteran's Administration on April 13, 2021. This action has been timely commenced after 6 months of the date of Plaintiff's claim by Veteran's Administration and within two years of its accrual.

5.      Plaintiffs are citizens and residents of the State of New York, County of New York, within the Judicial District.

6.      Upon information and belief, Defendant UNITED STATES OF AMERICA, at all times mentioned herein, owned, operated, maintained, managed, staffed and controlled the medical facility known as James J. Peters Department of Veterans Affairs Medical Center(hereafter referred to as "Peters VAMC") located at 130 W Kingsbridge Rd, The Bronx, NY 10468, within this judicial district.

7.      Upon information and belief, the physicians, surgeons, nurses, attendants, assistant's, consultants, staff members and other providers at James J. Peters Department of Veterans Affairs Medical Center located at 130 W Kingsbridge Rd, The Bronx, NY 10468 were ostensible agents, actual agents and employees of Defendant UNITED STATES OF AMERICA,

and in doing the things hereinafter mentioned, were acting within the scope of their authority as such agents and employees with the consent of Defendant UNTITED STATES OF AMERICA.

8.      Upon information and belief the Defendant Shujin Xia, M.D.at all relevant times herein was an employee of Peters VAMC while working at Peters VAMC.

9.      Upon information and belief the Defendant Shujin Xia M.D. at all relevant herein was an employee of the Defendant United States of America while working at Peters VAMC.

10.     Upon information and belief  Defendant  Shujin  Xia  M.D  at  all  relevant  times herein was an agent of Peters VAMC while working at the Peters VAMC.

11.     Upon information and belief the Defendant Shujin Xia M.D at all relevant times herein was an agent of the United States of America with working at Peters VAMC.

12.     Upon information and belief Defendant Shujin Xia M.D at all relevant times was an independent contractor of the Defendant United States of America while working at the Peters VAMC.

13.     On or about June 13, 2020, Plaintiff Charlie Epps presented to the Emergency Department of Peters VAMC with signs and symptoms of early ischemic stroke.

14.     That at all times hereinafter mentioned, Defendants in rendering medical and surgical care and treatment to the plaintiff Charlie Epps owed him the duty to use a reasonable degree of learning and skill, the duty to use reasonable care and diligence in the exercising of that learning and skill, the duty to employ approved methods in general use in the medical field, and the duty to use their best judgement in the care and treatment of the Plaintiff.

15.     The Defendants, their agents servants, staff members, employees, and/or independent contractors were negligent and committed malpractice in their care and treatment of the plaintiff Charlie Epps in failing to properly treat, care for, observe, administer to, diagnose,

test and otherwise treat the plaintiff herein for the condition and complaints with which he presented; in failing, neglecting and omitting to timely render the proper, necessary and required course of treatment to the plaintiff for the conditions and complaints with which he presented; in failing to timely and appropriately manage plaintiff's condition and complaints which he presented; in failing to timely and appropriately manage plaintiff's condition; in failing to diagnose his condition with proper assessments and  imaging studies and in this failing to treat his condition.

16.     As a proximate result of the foregoing, Plaintiff Charlie Epps has suffered serious and permanent personal injuries and complications including but not limited to completely irreversible ischemic stroke with significant neurological deficits, including neurologic injury, motor weakness, incontinence of the bladder and bowel; paralysis and incontinence, numbness, sexual dysfunction, motor and sensory dysfunction, inability to properly walk, impaired use of his legs, necessity for aids to ambulation, sever shock to his nervous system, that he has been and will continue to be compelled to suffer extreme pain and suffering for the remainder of his life medical care, intervention and treatment for those permanent injuries and complications; has incurred and will incur in the future special damages for the costs of medical care, he has suffered and continues to suffer from mental anguish, pain, suffering, loss of enjoyment of life, depression, anxiety, humiliation and emotional destress as a result thereof, as well as a loss of enjoyment of life.

17.     As a further proximate result of the negligence of the agents and employees of Defendants, their agents, servants and employees in their negligent care and treatment of plaintiff Charlie Epps, as described hereinabove, plaintiff has sustained economic damages by incurring expenses for medical services, both past and for the foreseeable future, including, but not limited to, rehabilitation services, in-home nursing care, home modifications, medical care and treatment outside the VA system, medications and other similar medical services.

18.     As a further proximate result of the negligence of the agents and employees of Defendants, their agents, servants and employees in their negligent care and treatment of plaintiff Charlie Epps, as described hereinabove, plaintiff has sustained economic damages by the loss of past and future services of loss of past and future earning capacity. As a direct and proximate result of negligence of the Defendants, Plaintiff is personally responsible for all the costs of all medical, therapeutic and associated expenses with respect to the ongoing care and treatment outside the control and auspices of the VA Health Care System.

19.     That by reason of the forgoing, plaintiff Charlie Epps has been damaged in a sum not to exceed $100,000,000.00

AS AND FOR A SECONDCAUSE OF ACTION

ON BEHALD OF PLAINTIFF BRENDA EPPS

FOR LOSS OF SERVICES AND CONSORTIUM

20.     Plaintiffs repeat and reiterate and reallege each and every allegation contained in paragraphs 1-19 inclusive, together with the same force and effect as if the same were set forth more fully at length.

21.     That at times hereinafter mentioned, plaintiff Brenda Epps was and still is the wife of Plaintiff Charlie Epps herein and as such, they duly reside and cohabit together.

22.     That by reason of the aforesaid carelessness and negligence and resulting injuries to plaintiff Charlie Epps; his wife Brenda Epps has been, and will continue to be deprived of services, society, companionship, consortium and support of her husband and said plaintiff has been and will continue to be compelled to incur and/or expend various sums of money for hospital and medical expenses on her husband's behalf.

27.     That by reason of the forgoing plaintiff Brenda Epps has been damaged in a sum not to exceed $100,000,000.00

WHEREFORE, plaintiff demands judgment against the defendants, each of them, jointly as severally, together with the interest, costs and disbursements of the action as follows:

**On the first cause of action,** Judgement against the Defendants UNITED STATES OF AMERICA and SHUNJIN XIA, MD in the amount of $100,000,000.00; and

**On the second cause of action,** Judgement against the Defendants UNITED STATES OF AMERICA and SHUNJIN XIA, MD in the amount of $100,000,000.00.

Dated:  New York, NY
         April 8, 2021

RHEINGOLD GIUFFRA RUFFO
& PLOTKIN LLP
Attorneys for Plaintiffs

By:_____
EDWARD A. RUFFO, ESQ.
551 Fifth Avenue, 29th Fl.
New York, NY 10176
eruffo@rheingoldlaw.com
(212) 684-1880